SHEAF *et al.* v. UTICA AND BLACK RIVER RAILROAD COMPANY.

*Railroads — defective cattle guards — animals wrongfully on highway — Practice — exceptions first heard at general term.*

Plaintiff's horses escaped from the pasture into the highway, and went from the highway through a defective cattle guard maintained by defendant on to defendant's railway track, where they were killed by a passing train. *Held,* that defendant was liable for the value of the horses. The defendant was bound to guard against animals wrongfully as well as against those rightfully in the highway; and the negligence of plaintiffs in permitting the horses to escape would not bar a recovery.

Where exceptions are ordered to be heard, in the first instance, at the general term, nothing can be passed upon but the exceptions themselves.

THIS is a motion for a new trial by the defendant, on exceptions taken at the Oneida circuit, and ordered to be heard at the general term in the first instance. The facts appear in the opinion.

*J. A. Steele,* for plaintiffs.

*A. M. Beardsley,* for defendant.

TALCOTT, J. This is an action by the plaintiffs for the killing by defendant of a span of horses. The horses escaped from the pasture belonging to one of the plaintiffs onto the high-

way, and thence, by reason of the insufficiency of one of the defendant's cattle guards, onto the defendant's track, where they were killed by a moving train of the defendant. The jury has specially found that the cattle guard was insufficient to prevent horses and cattle from getting across it onto the road. The only questions of any importance presented by the numerous exceptions and requests of the defendant's counsel may be summed up as follows : 1st. As to whether the defendant is required to fence and guard only as against animals rightfully in the highway; 2d. Whether the plaintiffs' negligence in suffering their horses to escape into the highway is a bar to their recovery. These questions are fully settled in favor of the plaintiffs by the court of last resort. *Corwin* v. *N. Y. & E. R. R. Co.*, 13 N. Y. 42, and 34 id. 427; 35 id. 641; 38 id. 433.

The defendant's counsel makes a point that the verdict is not sustained by the evidence. Even if there were any foundation for this point, it could not be considered here, as the case comes before us on an order that the exceptions be heard at the general term in the first instance. In such case, nothing is before the general term but the exceptions. As to the point that it was not shown that the plaintiffs were jointly interested in the horses, there was evidence on the subject. Sheaf, one of the plaintiffs, testified that the plaintiffs purchased the horses together; and although the statement of the other plaintiffs as to the mode in which, and for whose benefit, the horses were bought, was somewhat confused and unintelligible, yet the construction of the whole testimony together was properly left to the jury. The court fully and fairly instructed the jury on this point; and the exceptions to the refusal to charge, in the particular language of the defendant's counsel, cannot, in such a case, be sustained. None of the other exceptions seem to call for any remark.

A new trial is denied and judgment ordered for the plaintiffs on the verdict.

*Judgment accordingly.*